USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/5/20

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**THE DEGAS SCULPTURE PROJECT LTD
and MODERNISM FINE ARTS INC.,**

**Plaintiffs,**

-against-

**ROSE RAMEY LONG, individually and d/b/a/
ROSE LONG FINE ART a/k/a RRL FINE ART
a/k/a/ ROSE RAMEY LITTLEJOHN**

**Defendant.**

---

14-CV-4304 (ALC)

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

Defendant filed a motion to vacate this Court's judgment on the ground that it was procured through fraud on the Court. For the reasons set forth below, Defendant's motion is hereby **DENIED**.

## BACKGROUND

This case arises out of a failed art deal and the subsequent disappearance of a bronze statute cast from the Edgar Degas sculpture *La Petite Danseuse de Quatorze Ans* ("Degas Bronze"). Plaintiffs and Defendant are fine art dealers who attempted to sell the Degas Bronze to Luke Brugnara. Plaintiffs, The Degas Sculpture Project and Modernism Fine Arts, Inc., are owned by Walter Maibaum and his wife Carol Conn. Instead of purchasing the Degas Bronze, Brugnara stole it. In connection with this theft, Brugnara was convicted on two counts of wire fraud, one count of mail fraud, one count of making false declarations to a court, one count of escape, and one count of contempt. *See United States v. Brugnara*, 14-CR-0306, ECF No. 631 (N.D. Cal. 2015).

In this case, the Parties disputed who should bear the costs for the missing sculpture. This Court held a jury trial from May 29, 2018 to June 7, 2018. The jury rendered a verdict in favor of Plaintiffs on their breach of contact claim in the amount of $396,000 against Rose Ramey Long, and in favor of Defendant on her breach of contract counterclaim in the amount of $25,000 against

Walter Maibaum and $25,000 against Carol Conn. ECF No. 124. The Court entered Judgment on June 27, 2018. ECF No. 137.

On June 7, 2019, Defendant moved this Court for an order vacating the judgment entered against her alleging that it was procured through fraud on the Court. ECF No. 159. Plaintiff filed an opposition on June 18, 2019, ECF No. 166, and Defendant Long replied on June 20, 2019, ECF No. 167. Defendant also filed a motion to stay post-judgment discovery pending the Court's ruling on her motion to vacate. ECF No. 170.

## LEGAL STANDARD

Under Federal Rules of Civil Procedure Rule 60(b), a party may seek relief from a district court's order of judgment for, among other reasons, "fraud . . . misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Any motion brought under this section "must be made within a reasonable time . . . no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* at 60(b)(c)(1). To succeed on a Rule 60(b)(3) motion, "a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting [her] case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quotations omitted). Fraud must be established by clear and convincing evidence and "cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). In general, Rule 60(b) provides "extraordinary judicial relief" that should only be granted upon a "showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

## DISCUSSION

Defendant asserts that Plaintiffs committed fraud on the Court because in the Brugnara prosecution, Maibaum testified that he personally owned the Degas Bronze, whereas in this case, he testified that Modernism Fine Arts Inc. and Degas Sculpture Project Ltd. owned the sculpture.

2

Defendant's argument is unpersuasive. First, the evidence presented to this Court and to the jury—including the invoice for the Degas Bronze—indicates that the sculpture was indeed owned by Degas Sculpture Project Ltd. Thus, the Complaint and testimony in this case accurately reflect the sculpture's ownership. Second, Defendant provides no connection between the alleged discrepancy and the jury verdict and does not indicate how the discrepancy prevented her from "fully and fairly presenting [her] case." *State St. Bank & Trust Co*, 347 F.3d at 176. She only provides conclusory allegations that "[a]s a result of the Complaint and Walter Maibaum's sworn testimony . . . [the Court] entered a judgment against Roseramery Long." Plaintiff's Motion to Vacate Judgment (ECF No. 159) at 4. Indeed, the Parties agree that Maibaum owns both Modernism Fine Arts Inc. and Degas Sculpture Project Ltd., potentially mitigating any impact of the alleged discrepancy. Defendant's barebone allegations fall short of demonstrating a "grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Third, the materials Defendant cites were used throughout trial, and Defendant had ample opportunity to challenge this evidence or bring discrepancies to the Court's attention. *See id.* ("Where a movant admits that [evidence] that the other party supposedly concealed was already present in the movant's files, it cannot claim that it was prevented from fully presenting its case.") (citation and quotation marks omitted).

## CONCLUSION

For the reasons set forth above, Defendant's motion to vacate the Court's judgment is hereby **DENIED**. Defendant's motion to stay post-judgment discovery is hereby moot and thus **DENIED**.

**SO ORDERED.**

**Dated:**     **March 5, 2020**
              **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

3